UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

MICHAEL DEWAYNE WILSON,            )
                                   )
    Plaintiff,                     )     Civil Action No. 12-CV-372-KKC
                                   )
V.                                 )
                                   )
JUDGE OVERSTREET, *et al.*,        )     **MEMORANDUM OPINION**
                                   )     **AND ORDER**
    Defendants.                    )

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Plaintiff Michael Dewayne Wilson is an inmate confined in Kentucky State Penitentiary ("KSP") in Eddyville, Kentucky. Proceeding without an attorney, Wilson has filed a 42 U.S.C. § 1983 civil rights complaint challenging both his state court criminal conviction and the conditions of his confinement in the KSP.[1]

The Court must conduct a preliminary review of Wilson's complaint because it granted him pauper status and because Wilson asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Wilson's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Wilson's factual allegations as true, and liberally

---

[1] The named defendants are: (1) "Judge Overstreet," identified as the Circuit Judge for Woodford and Scott Counties; (2) LaDonna Thompson, Commissioner of the Kentucky Department of Corrections; and (3) Randy White, Warden of the KSP. Wilson asserts claims against the defendants in both their individual and official capacities.

construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the complaint, the Court will dismiss with prejudice Wilson's claims challenging his criminal conviction because he can not assert such a claim in a § 1983 proceeding, and will transfer to another district court his claims challenging the conditions of his confinement at the KSP.

## BACKGROUND

In July 2007, Wilson was convicted in the Woodford Circuit Court of third-degree burglary and a probation violation, and is currently serving a seven-year sentence for those offenses. In November 2012, Wilson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his trial counsel was ineffective both during and after trial, that he should be moved to a medium-security facility, and that prison officials were ignoring his medical problems. *Wilson v. White*, No. 5:12-cv-348-ART-JEW (E.D. Ky. 2012) ("the Habeas Proceeding"). On December 3, 2012, the Court dismissed the Habeas Proceeding because Wilson's claims challenging his criminal conviction were time-barred and because his claims challenging his conditions of confinement could not be asserted in a § 2254 habeas proceeding. [R. 4, therein]

Wilson filed his § 1983 complaint in this action one week later, alleging that his trial counsel was ineffective both during and after trial; that Judge Overstreet, the presiding judge in his criminal case, denied him due process of law during his criminal trial; and that during his trial, the prosecutor withheld exculpatory evidence. Wilson also challenges various conditions of his confinement at the KSP, alleging that he lives in a "nasty, stinking prison" [R. 1, p. 5]; that KSP officials have ignored his serious medical problems; that Warden White is forcing him to pay restitution for injuries he (Wilson) sustained during a fight in with the prison guards; that he has been denied his rights to exercise his right of freedom of speech and religion; and that he should be moved to a another

2

facility. Wilson seeks substantial compensatory and punitive damages from the defendants, and an order seeking the revocation of Judge Overstreet's license to be a judge.

## DISCUSSION

To the extent that Wilson challenges any aspect of his state court criminal conviction, including alleged ineffective assistance of counsel, he can not recover damages against Judge Overstreet, because his claims are in essence nothing but collateral attacks of his criminal conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994) holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Id*. at 486-87. In other words, before Wilson can seek money damages in a federal civil rights proceeding based on an allegedly unlawfully obtained criminal conviction, he must show a favorable termination of his criminal conviction, which requires him to show that his conviction has been overturned or set aside.

Wilson cannot demonstrate a favorable termination of either his criminal conviction or the resulting sentence which he is currently serving. Wilson stated in the Habeas Proceeding that he was convicted in July of 2007 and was sentenced in either March of 2009 or January of 2010. [R. 1, p. 1 therein]. Wilson's conviction became final thirty days after he was sentenced and he did not appeal his conviction. [R. 1, pp. 2–5 therein] Wilson therefore had one year from the date on which his conviction became final (February 2011 at the latest) in which to collaterally challenge his conviction and sentence, *see* Ky. R. Crim. P. 12.04(3), but he did not take such action until November 2012. The Court denied Wilson's § 2254 petition because he waited too long to file it.

Because Wilson's conviction has not been reversed, set aside, or called in to question in any state or federal habeas corpus proceeding, Wilson is currently serving a lawfully imposed sentence.

Wilson's constitutional claims against Judge Overstreet in his official capacity will also be dismissed because the Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from entertaining suits for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Finally, Wilson complains about various conditions of his confinement in the KSP, and seeks to hold Commissioner LaDonna Thompson and Warden Randy White personally liable. The Kentucky State Penitentiary is located in Lyon County, Kentucky, the events and circumstances about which he complains arose there, and one of the individuals named as a defendant (Warden White) presumably resides in that judicial district. A civil rights action must be filed where one defendant resides if they all reside in the same state, or where a substantial part of the relevent events occured. 28 U.S.C. § 1391(b). The pertinents events and individuals are located within the judicial territory of the United States District Court for the Western District of Kentucky. LR 3.1(b)(2); 28 U.S.C. § 97(b).

When a civil action is brought in an incorrect district, that district court may on its own transfer the case to a district where venue is proper. 28 U.S.C. § 1406(a); *Flynn v. Greg Anthony Constr. Co.*, 95 F. App'x 726, 738 (6th Cir. 2003). Therefore, the Court will transfer Wilson's claims challenging the conditions of his confinement at the KSP to the United States District Court for the Western District for all further proceedings.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Michael Dewayne Wilson's 42 U.S.C. § 1983 claims against defendant Judge Overstreet are **DISMISSED WITH PREJUDICE**.

2. Wilson's 42 U.S.C. § 1983 claims against defendants LaDonna Thompson and KSP Warden Randy White, challenging the conditions of his confinement in the KSP, are **TRANSFERRED** to the United States District Court for the Western District of Kentucky for all further proceedings.

3. The Court will enter a separate judgment.

4. This matter is **STRICKEN** from the active docket.

Dated this 8th day of February, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge