UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**MICHAEL DEWAYNE WILSON**                                                                                   **PLAINTIFF**

v.                                                                                     **CIVIL ACTION NO. 5:13CV-P21-R**

**DEPARTMENT OF CORRECTIONS LADONNA THOMPSON** *et al.*            **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Michael Dewayne Wilson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in the U.S. District Court for the Eastern District of Kentucky.  By Memorandum Opinion and Order entered February 8, 2013, the Eastern District performed an initial review of the complaint pursuant to 28 U.S.C. § 1915A; dismissed the § 1983 claims against Defendant Judge Overstreet; and transferred to this Court for review Plaintiff's § 1983, individual and official-capacity, conditions-of-confinement claims against Defendants LaDonna Thompson, Commissioner of the Kentucky Department of Corrections (KDOC), and Randy White, Warden of the Kentucky State Penitentiary (KSP).  On initial review under § 1915A, this Court will dismiss the instant action.

### I.

Plaintiff raises several claims regarding his detention at KSP.  He alleges that when he went to KSP, he "got into a rustle with the guards and suffered numerous injuries: a fracture above my right eye and a broken bone in my left arm."  As a result, claims Plaintiff, "I was forced by Warden Randy White to pay restitution.  This is a violation of my right to harsh prison conditions (cruel & unusual punishment)."

Plaintiff also alleges as follows:

The Medical Staff at K.S.P. doesn't perform their jobs as they're suppose to. They claim to be Licensed Nurses & Doctors but they don't care about the inmates. My right to a safe and health environment is violated when I have to live in a nasty, stinking prison where the medical help I need isn't given. I've pissed out blodd twice and they didn't care. They said I would get over it. This was a <u>serious</u> health issue but, I never was given the proper medical treatment. I've sent a letter to the Commissioner, LaDonna Thompson, but she hasn't sent me anything. Another inmate had to wait 2 months before he got his blood work done. This prison is unhealthy and unsafe for anyone. The inmates here have died from lack of medical attention and the lack of the right proportions to be served.

In addition, Plaintiff alleges that his "Constitutional Amendment to the right to free speech, religion, & etc. has been violated because when I try to explain the situation, I am given the options to either file a grievance or to be quiet." He further states that "[w]hen the inmates try to sign a grievance together we're being told that it's not grievable. We've asked the Commissioner for help but, she denies us as well."

Finally, Plaintiff claims, "I've been trying to get shipped but no one will listen to me not even the caseworkers or unit administrator. I'm being held against my own free will & this is a violation of cruel and unusual punishment along with due process."

As relief, Plaintiff seeks monetary and punitive damages; for Defendant White "to pay me for a fracture over my eye, broken bone in my arm"; and for Defendant Thompson "to pay me $10,000 for damages done to me at K.S.P. & the restitution I had to pay to go to medical."

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon

2

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16,

3

19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. *Official-capacity claims*

First, Defendants, as state officials sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, neither Defendant sued in his or her official capacity for damages is a "person" subject to suit within the meaning of § 1983.

*Will v. Mich. Dep't of State Police*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same).

Consequently, the § 1983 official-capacity claims against Defendants in their official capacities for damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

### B. *Individual-capacity claims*

To the extent Plaintiff seeks to hold Defendants White and Thompson liable based on their supervisory positions as KSP Warden and KDOC Commissioner, respectively, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

The only specific claim that Plaintiff makes against Defendant White is that he forced him to pay restitution following a "rustle with guards" and that this was cruel and unusual punishment. It is unclear what Plaintiff means by "restitution" and why the payment allegedly

was required. Prisons and jails, however, are entitled to charge inmates for necessities and medical care. *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004) ("It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay."). Further, a violation of the Eighth Amendment only occurs if the prison or jail conditions the right to receive necessary care or necessities on the payment of such fees. *See Reynolds v. Wagner*, 128 F.3d 166, 173-174 (3d Cir. 1997). Plaintiff fails to make such allegation. He alleges only that Defendant White made him pay restitution. His complaint, therefore, fails to state facts directly involving Defendant White that rise to the level of an Eighth Amendment violation.

With respect to Defendant Thompson, Plaintiff alleges that he sent her a letter but that she did not respond and that "[w]e've asked the Commissioner for help but, she denies us as well." Plaintiff fails to identify any active unconstitutional behavior on the part of Defendant Thompson and has failed to state a claim upon which relief may be granted against her.

The individual-capacity claims against Defendants White and Thompson, therefore, will be dismissed.

**IV.**

For all the reasons set forth above, the Court will enter a separate Order dismissing this action.

Date:

cc: Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005